UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARATOGA FUND HOLDINGS, LLC, <br><br>   Plaintiff, <br><br> v. <br><br> LINDA JOHNSON WALKER, et al., <br><br>   Defendants. | Case No. 14-cv-04629-JST <br><br> **ORDER REMANDING CASE** <br><br> Re: ECF No. 9 |

Before the Court is Plaintiff Saratoga Fund Holdings, LLC's Motion to Remand. ECF No. 9. For the reasons set forth below, the Court will GRANT the Motion.

I.   **BACKGROUND**

Plaintiff initially brought this action for unlawful detainer on October 15, 2013 in Alameda County Superior Court. ECF No. 1 at 4.[1] Plaintiff alleges that Defendants are unlawfully in possession of Plaintiff's principal's property, which is located at 1131 Evelyn Avenue, Albany, California ("the Property"). Id. Plaintiff filed its complaint as a "limited civil case" seeking greater than $10,000 but less than $25,000 in damages. Id.

Plaintiff alleges that Defendants leased the Property from Plaintiff or Plaintiff's principal. See ECF No. 9 at 23-34. Under the lease, Defendants agreed to pay Plaintiff rent of $6,800 per month for a two-year term. ECF No. 1 at 4. Defendants allegedly failed to pay rent, but remain in possession of the Property. Id. at 5-6. Defendants received notice on September 27, 2013 to pay rent or quit the Property by September 30, 2013. Id. at 5; ECF No. 9 at 43-44. Plaintiff seeks rent due prior to the notice to quit in the amount of $18,360.07 and an additional $226.66 for each day

---

[1] Plaintiff asks the Court to take judicial notice of: (1) its complaint filed in the Alameda County Superior Court; (2) the service of summons and complaint in that action; (3) the first amended complaint filed in the action; and (4) Defendants' answer. ECF No. 9-2. Under Federal Rule of Evidence 201, a court "may take judicial notice of court filings and other matters of public record." Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006). Plaintiff's request for judicial notice is therefore GRANTED.

thereafter.  ECF No. 1 at 6.

On October 16, 2014, Defendants removed the action to this Court claiming federal subject matter jurisdiction.  Id. at 18.  Defendants rely on the Protecting Tenants at Foreclosure Act of 2008 ("PTFA"), 12 U.S.C. § 5220, to support this assertion.  Id. at 2.  Defendants do not allege in their notice of removal that the parties are diverse.  Id. at 1; ECF No. 1-1.

## II.   LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court . . . for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  The party seeking to remove the action must file a notice of removal within thirty days of the party's receipt of service of the initial complaint or the summons.  28 U.S.C. § 1446(b)(1).  A party seeking to remove an action also bears the burden of establishing that removal is proper.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Id. (citations omitted).

Federal courts may only hear actions over which they possess subject-matter jurisdiction.  See Leeson v. Transamerica Disability Income Plan, 671 F.3d 969, 975 (9th Cir. 2012).  Generally, the existence of jurisdiction may be premised on either diversity of the parties or a federal question.  See Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 & n.2 (9th Cir. 2002).  Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.

Federal question jurisdiction is limited by the well-pleaded complaint rule, which requires that the basis for federal jurisdiction appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law, or because the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."  Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983).  "[A] case may *not* be removed to federal court on the basis of a federal defense . . . , even if the defense is anticipated in the plaintiff's complaint . . . ."  Caterpillar Inc. v.

1  Williams, 482 U.S. 386, 393 (1987) (citation omitted).  Federal question jurisdiction may also be

2  proper when the plaintiff's "right to relief under state law requires resolution of a substantial

3  question of federal law in dispute between the parties." Franchise Tax Bd., 463 U.S. at 13.

4  The Court has reviewed the Notice of Removal and the other pro se filings liberally. See

5  Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir.2001) (courts "have a duty to construe pro se

6  pleadings liberally").

**III.   DISCUSSION**

As a preliminary matter, the Court finds that Defendants' notice of removal was untimely. See 28 U.S.C. § 1446(b)(1); ECF No. 9-3, Ex. 2 (proof of service of summons filed on December 12, 2013); ECF No. 1 (notice of removal filed October 16, 2014).  Defendants do not contest their untimeliness.  Accordingly, the Court finds that § 1446 bars Defendants' attempt to remove this case to federal court.

Plaintiff also contends that this case should be remanded to state court because this Court lacks federal question jurisdiction over the single, state-law, unlawful-detainer claim alleged in its complaint.  ECF No. 9 at 4-6.  Defendants argue that the federal PTFA provides this Court with subject-matter jurisdiction over the dispute.  ECF No. 1 at 1-2.

Plaintiff pled the underlying action as an unlawful detainer claim pursuant to California Code of Civil Procedure § 1166 *et seq*.  Defendants' reference to the PTFA appears to be to a potential defense to Plaintiff's claim.  A federal defense does not, however, create federal question jurisdiction.  See Caterpillar, 482 U.S. at 393.  Moreover, many federal courts have already held specifically that "a defense based on the Protecting Tenants at Foreclosure Act cannot serve as a basis for removal jurisdiction." Aurora Loan Servs., LLC v. Montoya, No. 2:11-CV-2485-MCE-KJN, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011) (citing SD Coastline LP v. Buck, No. 10-cv-2108-MMA, 2010 WL 4809661, at *1–3 (S.D. Cal. Nov. 10, 2010); Wescom Credit Union v. Dudley, No. CV 10–8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D.Cal. Nov.22, 2010); Aurora Loan Servs., LLC v. Martinez, No. C10–01260 HRL, 2010 WL 1266887, at * 1 (N.D.Cal. Mar.29, 2010); OneWest Bank FSB v. Ignacio, No. CIV S-10-1683JAMDAD, 2010 WL 2696702, at *1 (E.D. Cal. July 6, 2010)).

No cognizable basis for subject-matter jurisdiction exists in this dispute.[2]

## CONCLUSION

For the foregoing reasons, the Court finds that (1) Defendants' attempt at removal was untimely, and (2) even if the notice of removal were timely, the Court lacks subject-matter jurisdiction over this action.[3] Accordingly, the Court hereby REMANDS this case to state court. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 7, 2014

JON S. TIGAR
United States District Judge

---

[2] In their response, Defendants also assert that removal is proper under 28 U.S.C. § 1443, which provides for removal based on certain civil rights claims. ECF No. 11 at 4-7. Defendants did not cite § 1443 in their notice of removal and only raised the statute in their opposition to the motion to remand. The Court does not address this belatedly asserted argument.

[3] Plaintiff requests an order prohibiting Defendants from removing the case to federal court in the future. ECF No. 9 at 11. The Court declines to do so, but advises Defendants that removing parties may be subject to monetary sanctions for filing frivolous removal notices in federal court. Tiong v. Midway Hosp. Med. Ctr., 87 F.3d 1322 (9th Cir. 1996). Plaintiff further requests attorneys' fees. ECF No. 11 at 3. This request was raised for the first time in Plaintiff's reply brief, so the Court will not address it.